UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-1631(DSD/SER)

Travis Gregory Kadel,

        Plaintiff,

v.                                                      **ORDER**

Mark Thielen, as Warden
of MCF-Faribault,

        Defendant.

This matter is before the court upon the pro se objection to the report and recommendation of Magistrate Judge Steven E. Rau. In the report, the magistrate judge recommends denying the pro se application for a writ of habeas corpus by petitioner Travis Gregory Kadel. Kadel objects. Following de novo review of the file, record and proceedings herein, and for the following reasons, the objections are overruled, and the court adopts the well-reasoned report and recommendation in full.

**BACKGROUND**

The background of this matter is fully set forth in the report and recommendation, and the court recites only those facts necessary to resolve the present objections. In 2007, a jury found Kadel guilty of first- and third-degree assault, in violation of Minnesota Statutes §§ 609.221 and 609.223. On direct appeal from his conviction, Kadel claimed several bases for ineffective assistance of trial counsel. See ECF No. 1, at 3; see also State

v. Kadel (Kadel I), No. A07-1468, 2008 WL 5135431, at *6 (Minn. Ct. App. Dec. 9, 2008) (listing stated bases for ineffective-assistance claim). The Minnesota Court of Appeals found the claims to be without merit. Kadel I, 2008 WL 5135431, at *6.

Thereafter, Kadel filed a petition for post-conviction relief, claiming different bases for ineffective assistance of trial counsel. Specifically, Kadel argued that he received ineffective assistance because his trial counsel failed to raise a vagueness challenge and because his trial counsel failed to request a limiting instruction regarding the meaning of "great bodily harm" in Minnesota Statutes §§ 609.221 and 609.02. Kadel did not raise these bases in his first ineffective-assistance claim.

The state post-conviction court and the Minnesota Court of Appeals denied the petition as procedurally barred under State v. Knaffla, 243 N.W.2d 737, 741 (1976), stating that "[i]t is well settled that when ... direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." Kadel v. State (Kadel II), No. A10-1408, 2011 WL 1237537, at *2 (Minn. Ct. App. Apr. 5, 2011) (citation and internal quotation marks omitted).

In June 2011, Kadel filed the instant petition under 28 U.S.C. § 2254, arguing (1) that his Confrontation Clause rights were violated, (2) that he received ineffective assistance of trial

counsel based on failure to raise a vagueness challenge and failure to request a limiting instruction regarding the meaning of "great bodily harm" and (3) that he received ineffective assistance of appellate counsel. The magistrate judge recommends denying the motion. Kadel objects.

## DISCUSSION

The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b).

### I. Ineffective Assistance of Trial Counsel

Kadel first objects to the recommendation that his claim of ineffective assistance of trial counsel be denied because it is procedurally defaulted. "A claim is procedurally barred when it has not been fairly presented to the state courts for their initial consideration — not when the claim has been presented more than once." Cone v. Bell, 129 S. Ct. 1769, 1781 (2009). In Cone, "[c]ontrary to the state courts' finding, Cone had not presented his Brady claim in earlier proceedings and, consequently, the state courts had not passed on it." Id. at 1780.

In contrast to the proceedings in Cone, Kadel presented several claims for ineffective-assistance of counsel on direct appeal to the Minnesota Court of Appeals. The court of appeals expressly rejected the claims. Kadel then raised new bases for

ineffective assistance in a collateral proceeding. The post-conviction court and the Minnesota Court of Appeals properly rejected the second claims as procedurally barred under Knaffla, because the bases were known but not raised on direct appeal.[1] As a result, the instant claims were never presented to the state court for consideration. Therefore, the objection is overruled.

## II. Confrontation Clause

Kadel next objects to the recommendation that his Confrontation Clause claim be denied based on harmless error. "[C]onfrontation right violations are subject to the stricter harmless error test found in Chapman v. California, 386 U.S. 18, 24 (1967), which requires that the error be harmless beyond a reasonable doubt." United States v. Chapman, 345 F.3d 630, 635 (2003). Following de novo review of the record and the report and recommendation, the court determines that it is beyond a reasonable doubt that the jury verdict is unattributable to the alleged confrontation error. As a result, the magistrate judge correctly

---

[1] The court notes that Kadel's arguments based on State v. Moore, 699 N.W.2d 733 (Minn. 2005), fail. Kadel argues that an ejusdem generis limiting instruction must be given regarding great bodily harm. In Moore, the Minnesota Supreme Court held only that it was error not to include the definitions of "great bodily harm" in jury instructions. Moore, 699 N.W.2d at 739 ("We conclude that when a statute contains a "catch-all" definition, such as "other serious bodily harm," the better practice, where not impractical because of statutory complexity or other reasons, is to include the alternative definitions." Nothing in the record suggests that the trial court here failed to provide the full definition to the jury.

found the confrontation error to be harmless beyond a reasonable doubt.[2]  Therefore, the objection is overruled.

### III.   Ineffective Assistance of Appellate Counsel

Kadel also objects to the recommendation that his claim of ineffective assistance of appellate counsel be denied.  To show that he received ineffective assistance of counsel, a petitioner must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694, (1984).  See United States v. Williams, 562 F.3d 938, 941 (8th Cir. 2009).  First, a petitioner must show that his counsel's performance was so deficient that it was objectively unreasonable.  See Strickland, 466 U.S. at 687. Because "[t]here are countless ways to provide effective assistance in any given case" and different attorneys "would not defend a particular client in the same way," the court reviews the performance of defense counsel with significant deference.  Id. at 689.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. Second, a petitioner must also demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.  After de novo review of the record

---

[2] Kadel correctly identifies a misstatement of the standard on page fourteen of the report.  However, the magistrate judge actually analyzed the issue under the proper standard as expressed on page thirteen of the report and recommendation.

and the report and recommendation, the court finds that the report of the magistrate judge correctly resolves the issue of ineffective assistance of appellate counsel.  Therefore, the objection is overruled.

## CONCLUSION

Accordingly, following de novo review of the report and recommendation, **IT IS HEREBY ORDERED** that:

1. Petitioner's objections to the report and recommendation [ECF No. 8] are overruled;

2. The report and recommendation [ECF No. 7] is adopted in full; and

3. Pursuant to 28 U.S.C. 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 16, 2012

s/David S. Doty
David S. Doty, Judge
United States District Court
