```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 11-1631(DSD/SER)
```

Travis Gregory Kadel,

        Plaintiff,

v.                                                     **ORDER**

Mark Thielen, as Warden
of MCF-Faribault,

        Defendant.

This matter is before the court upon the application to proceed in forma pauperis (IFP) on appeal and the motion for certificate of appealability (COA)[1] by pro se plaintiff Travis Gregory Kadel.

**I.   Application to Proceed IFP**

A litigant who seeks to be excused from paying the filing fee for an appeal may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a).  To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).  In this case, the record shows that Kadel is not receiving regular income, except for nominal wages from a prison job.  It further appears that he has no bank accounts or assets that could be used to pay the filing fee

---

[1] Kadel "requests the United States Court of Appeals for the Eighth Circuit ... to grant Appellant a [COA.]" The caption on the motion likewise reads "United States Court of Appeals For The Eighth Circuit."  It appears that Kadel may have inadvertently filed the motion in this court. Nevertheless, for the reasons that follow, the court denies the motion for a COA.

for his appeal. Based on the information that has been furnished by Kadel, the court finds that he is financially eligible for IFP status.

Even if a litigant is indigent, IFP status will be denied if the court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. at 445. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Although the court remains fully satisfied that Kadel's habeas corpus petition was properly denied, his appeal is not frivolous. As a result, the appeal is taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3). Therefore, the IFP application will be granted.

## II.  Motion for COA

To warrant COA, a petitioner must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that reasonable jurists would find the court's assessment

of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

The court previously considered Kadel's habeas petition and denied (1) the ineffective assistance of trial counsel claim as procedurally-barred, (2) the Confrontation Clause claim as presenting a harmless violation, and (3) the ineffective assistance of appeal counsel claim as failing to prove prejudice. See ECF No. 9. These claims did not present close or difficult questions, and Kadel raises no new claims or arguments in the instant motion for COA. As such, Kadel has failed to show that reasonable jurists would find the court's assessment of the claims debatable or wrong. Therefore, the court denies the motion for COA.

## CONCLUSION

Accordingly, based upon the above, **IT IS HEREBY ORDERED** that:

1. The application to proceed in forma pauperis [ECF No. 12] is granted; and

2. The motion for certificate of appealability [ECF No. 13] is denied.

Dated:  November 19, 2012

s/David S. Doty  
David S. Doty, Judge  
United States District Court